IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **WILLIAM E. MARTIN,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 23-cv-02461-JTF-tmp ) |
| **SSM PARTNERS,** | ) ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

### I. PROPOSED FINDINGS OF FACT

On August 1, 2023, the plaintiff filed a *pro se* complaint against defendants SSM Partners, Charles West, Hunter Witherington, and Ed Nenon. (ECF No. 1.)[1] The plaintiff paid the case initiation fee. (ECF No. 4.) On August 1, 2023, summonses were issued and given to the plaintiff to perfect service. (ECF No. 8.) However, none of the defendants were served.

On November 20, 2023, the court entered an order to show cause why the court should not dismiss the case without prejudice for failure to timely serve the defendants. (ECF No. 9.) In response, the plaintiff explained that none of the defendants had been served

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

because he "desire[d] for the service of the summonses to be made by a Marshal pursuant to Rule 4(b)(3) of the Federal Rules of Civil Procedure and I was not aware that I had to initiate any additional actions on my part to use a Marshal." (ECF No. 10.) However, pursuant to Local Rule 4.1(b)(1), the plaintiff is personally responsible for serving the defendants because he paid the filing fee. On December 6, 2023, the undersigned then directed the plaintiff to serve the defendants by Monday, January 22, 2024, and if the plaintiff failed to do so, the court would dismiss the case without prejudice. (ECF No. 11.) On January 16, 2024, the plaintiff filed an amended complaint, which removed the individual defendants, leaving only SSM Partners in the lawsuit. (ECF No. 12.) To date, the plaintiff has not served SSM Partners with the amended complaint.

## II. PROPOSED CONCLUSIONS OF LAW

Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. Filing an amended complaint does not reset the ninety-day time limit to serve a defendant as required under

Rule 4(m). See Hempstead v. Parker, No. 3:21-CV-417-RLJ-DCP, 2022 WL 1493508, at *7 (E.D. Tenn. May 11, 2022) (citing Grove v. Mohr, No. 2:18-cv-1492, 2020 WL 1242395, at *6 (S.D. Ohio Mar. 16, 2020)) (finding that a plaintiff may not extend the time to serve a defendant by filing an amended complaint).

The plaintiff has failed to timely serve SSM Partners. Not only has the plaintiff failed to serve either the original or amended complaint within ninety days, but the plaintiff has not served SSM Partners by January 22, 2024, as required under the court's earlier order. Therefore, the undersigned recommends that the case be dismissed without prejudice for failure to effect timely service.

### III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the case be dismissed without prejudice.

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

January 30, 2024
Date

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS**

**MAY CONSTITUTE A WAIVER AND/OR FOREFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**