```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

| | |
|---|---|
| **WILLIAM E. MARTIN,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) No. 23-cv-02461-JTF-tmp |
| | ) |
| **SSM PARTNERS,** | ) |
| | ) |
|     **Defendant.** | ) |

**ORDER WITHDRAWING REPORT AND RECOMMENDATION**

On August 1, 2023, the plaintiff filed a *pro se* complaint against defendants SSM Partners, Charles West, Hunter Witherington, and Ed Nenon. (ECF No. 1.)[1] The plaintiff paid the case initiation fee. (ECF No. 4.) On August 1, 2023, summonses were issued and given to the plaintiff to perfect service. (ECF No. 8.) However, none of the defendants were served.

On November 20, 2023, the court entered an order to show cause why the court should not dismiss the case without prejudice for failure to timely serve the defendants. (ECF No. 9.) In response, the plaintiff explained that none of the defendants had been served because he "desire[d] for the service

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

of the summonses to be made by a Marshal pursuant to Rule 4(b)(3) of the Federal Rules of Civil Procedure and I was not aware that I had to initiate any additional actions on my part to use a Marshal." (ECF No. 10.) However, pursuant to Local Rule 4.1(b)(1), the plaintiff is personally responsible for serving the defendants because he paid the filing fee. On December 6, 2023, the undersigned then directed the plaintiff to serve the defendants by Monday, January 22, 2024, and if the plaintiff failed to do so, the court would dismiss the case without prejudice. (ECF No. 11.) On January 16, 2024, the plaintiff filed an amended complaint, which removed the individual defendants, leaving only SSM Partners in the lawsuit. (ECF No. 12.)

On January 30, 2024, the undersigned entered a report and recommendation, noting that because Martin had yet to serve SSM Partners, his case should be dismissed without prejudice. (ECF No. 13.) In his objection to the report and recommendation, Martin attached documents that suggest that he had at a minimum, attempted served SSM Partners. (ECF No. 16.) With this new information, the undersigned hereby withdraws the recommendation for dismissal. This withdrawal does not preclude SSM Partners from filing a motion should it object to service of process.

IT IS SO ORDERED.

                               s/Tu M. Pham  
                               TU M. PHAM  
                               Chief United States Magistrate Judge

                               February 13, 2024  
                               Date