```
IN THE UNITED STATES DISTRICT COURT
 FOR THE WESTERN DISTRICT OF TENNESSEE
            WESTERN DIVISION
```

| | |
|---|---|
| **WILLIAM E. MARTIN,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 23-cv-02461-JTF-tmp ) |
| **SSM PARTNERS,** | ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

On August 1, 2023, Plaintiff William E. Martin filed a *pro se* complaint against defendants SSM Partners, Charles West, Hunter Witherington, and Ed Nenon. (ECF No. 1.) On August 1, 2023, summonses were issued and given to Martin to perfect service. (ECF No. 8.) However, none of the defendants were served. As a result, a Show Cause Order was issued on November 20, 2023, ordering Martin to show why this case should not be dismissed without prejudice for failure to timely serve the defendants. (ECF No. 9.) On December 6, 2023, Martin's service deadlines were extended to January 22, 2024. (ECF No. 11 at PageID 34.) Martin then filed an Amended Complaint on January 16, 2024, bringing claims only against SSM Partners. (ECF No. 12 at PageID 36.) On January 30, 2024, the undersigned issued a report and recommendation, recommending that Martin's suit be

dismissed for failure to perfect service. (ECF No. 13.) Then, on February 13, 2024, the report and recommendation was withdrawn. (ECF No. 17.) However, the order of withdrawal explicitly noted SSM Partners' ability to submit an additional motion to dismiss on the grounds of improper service of process. (Id. at PageID 81.) Accordingly, on February 14, 2024, SSM Partners moved to dismiss Martin's complaint under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) for insufficient service of process and for failure to state a claim upon which relief may be granted. (ECF No. 18.)

On March 15, 2024, several days after Martin's response was due, the undersigned ordered Martin to show cause why the undersigned should not grant SSM Partners' motion to dismiss by filing a response to the motion. (ECF No. 19.) On March 22, 2024, Martin responded. (ECF No. 20.) His entire response was: "I request the Court to dismiss my complaint due to resource constraints." (Id.) The court construes this response as a motion for voluntary dismissal under Rule 41 of the Federal Rules of Civil Procedure. Therefore, the undersigned recommends that Martin's action be dismissed without prejudice.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

<u>March 25, 2024</u>
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER/FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**